UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EZCKHOM JACQUES,
    *Plaintiff*,
    *v.*
TROY WILLIAMS,
    *Defendant.*

Civil No. 3:12-CV-1798 (JBA)

March 5, 2019

**RULING ON MENTAL HEALTH RECORDS WAIVER CLAIM**

Defendant argues, in a supplemental brief filed today, that Plaintiff has waived the Connecticut statutory privilege regarding his mental health records. ([Doc. # 75].) The Court disagrees. The statutory mental health records privilege claimed by Plaintiff can only be waived where, inter alia, a party "in a civil proceeding . . . introduces his mental condition as an element of his claim or defense[.]" Conn. Gen. Stat. § 52-146f(5). While Plaintiff claims emotional injury under his state claims, Defendant's proffered reason for introducing Plaintiff's mental health records does not bear on the cause or extent of Plaintiff's claimed emotional injury. Rather, Defendant seeks to introduce these documents and their contents on the issue of liability to support his contention that Plaintiff cannot reliably narrate the incident forming the basis of his claims, as a result of his mental condition at the time. The cases cited by Defendant do not involve claims of waiver made under analogous circumstances. *See Sanabria v. Martins*, 568 F. Supp. 2d 220, 230 (D. Conn. 2008) (permitting disclosure of mental health records "bearing on preexisting mental health status" and "bear[ing] on plaintiff's emotional distress claim" absent objection from plaintiff); *Buell v. Hughes*, No. 3:07 CV 0468(DJS), 2008 WL 11375421, at *1 (D. Conn. Jan. 16,

2008) (noting that even if a "patient has introduced his mental state as an element of his claims in this case[,]" "the disclosure of mental health records should be narrowly tailored to the mental or emotional distress that the plaintiff allegedly suffered as a direct result of the defendant's actions."). Defendant here offers no proposed narrow tailoring of the communications and records at issue to serve any permissible reasons for finding the privilege waived and permitting disclosure. For the foregoing reasons, the Court rejects Defendant's claim that Plaintiff has waived his statutory privilege.

        IT IS SO ORDERED.

        \_\_\_/s/_____
        Janet Bond Arterton, U.S.D.J.

        Dated at New Haven, Connecticut this 5th day of March 2019.